IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOBBIE KING, JR. | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO.: 2:18-cv-37 |
| | § | JURY DEMAND |
| MARSHALL INDEPENDENT | § | |
| SCHOOL DISTRICT | § | |
|    Defendant. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff JOBBIE KING, JR. ("Plaintiff") and complains of Defendant

MARSHALL INDEPENDENT SCHOOL DISTRICT (hereinafter referred to as "MISD") and for

his cause of action would show the Court as follows:

INTRODUCTION

1.      This action seeks economic and compensatory damages, liquidated damages,

attorneys' fees, expert fees, taxable costs of the court, pre-judgment and post-judgment interest as

a result of civilly wrongful conduct in violation of the laws of the United States and the State of

Texas, including Title VII of the Civil Rights Act of 1964 (42 U.S.C.§2000e, et seq.), as amended,

42 U.S.C. §1981, the Age Discrimination in Employment Act of 1967 (29 U.S.C. 626, et seq.) and

42 U.S.C. §1983.

PARTIES

2.      Plaintiff JOBBIE KING, JR. is a resident of Harrison County, Texas.

3.      Defendant MARSHALL INDEPENDENT SCHOOL DISTRICT is a school

district operating in Harrison County, Texas and may be served with process via its

Superintendent, Dr. Jerry Gibson, at the following address: 1305 E Pinecrest Dr., Marshall, TX

PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 1

75670.

## JURISDICTION AND VENUE

4.      This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA") in accordance with provisions prohibiting race discrimination and age discrimination and retaliation for participating in protected activity.  More specifically, this action seeks monetary damages, including mental anguish, and all other appropriate relief to which Plaintiff is entitled to under the law on account of discrimination on the basis of race and age and on account of retaliation for participating in activity protected under Title VII and the ADEA.

5.      This is also a civil action under the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983 for deprivation of property and liberty interests. Further, this is a civil action under the provisions of 42 U.S.C. §1981, as amended, in accordance with its provisions against racial discrimination involving the right to enter into contracts and other aspects of employment as enjoyed by other citizens of the United States.    Plaintiff's claims under 42 U.S.C. §1981 are brought through 42 U.S.C. §1983.

6.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a), 28 U.S.C. § 1331, 42 U.S.C. § 2000(e) et seq., as amended, §704(a), 42 U.S.C. § 1981(a), as amended, and 42 U.S.C. § 1983.

7.      This action lies in the United States District Court for the Eastern District of Texas, Marshall Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Harrison County, Texas.

## CONDITIONS PRECEDENT

8.      All conditions precedent have been performed or have occurred.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

9.      Plaintiff, Jobbie King, Jr., was employed with MISD from January 2006 – February 2017 as the Director of Facilities and Auxiliary Services. Mr. King is African-American. Plaintiff's date of birth is July 19, 1958.

10.     Plaintiff was initially hired as the Supervisor of Maintenance for MISD. Plaintiff was later promoted to Director of Facilities/Auxiliary Services. Plaintiff's job responsibilities included supervision over child nutrition, maintenance, grounds and transportation departments for MISD.

11.     He earned positive performance evaluations each and every year. For example, in 2010, Plaintiff's supervisor stated "You have done a good job in a diverse position. Thanks for being such a valuable member of the MISD team.

12.     In 2011, the Superintendent stated:

"Mr. King models and promotes the highest standards of conduct, ethical principles, and integrity in decision making, actions, and behaviors. He serves as an advocate for all children. He interacts willingly and appropriately with his peers, always well prepared for professional learning community meetings, always willing to learn, and actively participate. He demonstrates strong leadership skills in his department, with a clear understanding of the importance of people in the process of educating children in a safe, clean, attractive, and functional environment. Jobbie uses effective planning, time management, and organization of self and other personnel under his supervision to maximize attainment of department goals. He supports innovative thinking and risk taking and views unsuccessful experiences as learning opportunities. He is not afraid to make difficult decisions and manages the consequences of these decisions effectively. Mr. King communicates effectively both orally and in writing. Overall, Mr. King is a strong administrator who believes in continuous improvement. He has the potential to be an outstanding leader. I recommend renewing his contract with the district."

13.     Plaintiff's 2012-2013 evaluation stated "Mr. King is a very hard worker. He has

done a great job of staying positive during an administrative reorganization and has maintain a positive/healthy working relationship with his staff. Both direct reports and his intermediate supervisors. The overall quality of Mr. King's work is very good and I am looking forward to continued success."

14.     In 2014, Plaintiff's evaluation was summated as follows: "Jobbie continues to improve as a leader, communicator and problem solver. He works in an efficient and organized manner. He is successful at monitoring his budget, and he works well with the leaders under him. He is also effective with his interaction with vendors and suppliers. He must continue to challenge the status quo in his area and on a professional level for himself."

15.     In his 2015 evaluation, Plaintiff was evaluated as follows "You are very effective in guiding and supervising the maintenance, child nutrition and transportation areas. You have worked to correct deficiencies with P.O.'s and their processes. You are an effective problem solver."

16.     On June 13, 2016, Plaintiff was evaluated by Mr. Hutcherson W. Hill as follows: Mr. King supervises an effective team. He is very informed and understands most concerns regarding our facilities. His experiences and quality relationships with staff have served him well in his service to the District. I look forward to supporting him in accomplishing his professional and department goals."

17.     On June 14, 2016, MISD's board of trustees voted to hire Jerry Gibson as the district's new superintendent.[1] As early as August 1, 2016, Gibson began to express hostility towards Plaintiff in an email over an issue with the MISD Jr. High. On August 18, 2016, Plaintiff was issued a memorandum regarding a lighting issue in the high school gym, which was later

---

[1] https://www.marshallnewsmessenger.com/news/2016/jun/15/marshall-isd-hires-gibson-as-superintendent/

**PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 4**

characterized as a disciplinary action against Plaintiff. The lighting issue was previously brought to the attention of the district, however, the district declined to take action on his recommendation. In other words, the issue was pretextual.

18.     Gibson continued his campaign to manufacture a reason to terminate Plaintiff in November of 2016 over an issue with replacement of glass in an MISD building, which was not necessary to any educational purpose.

19.     Plaintiff's position was supposedly eliminated by the superintendent, Dr. Gibson; however, Plaintiff believes the 'elimination' of his position is a pretext for age discrimination. Dr. Gibson posted one portion of plaintiff's job in December of 2016 and the other portion of plaintiff's job in January 2017. Basically, all of plaintiff's duties were being given to new employees or current employees. Plaintiff's child nutrition responsibilities were given to a white female.

20.     In January 2017, MISD posted a position called 'Director of Operations' which was basically Plaintiff's job without the child nutrition component. Plaintiff was not hired for this position. Also in January 2017, Gibson had a meeting with Plaintiff in which he was concerned with his job performance and encouraged him to find employment elsewhere, which effectively was a constructive termination.

21.     On February 13, 2017, Plaintiff was reassigned to the transportation department, a department he previously supervised and was directed to turn in his school district vehicle, again effectively constructively terminating Plaintiff.

22.     On March 7, 2017, Plaintiff was given a letter from Gibson stating that he would be terminated from his job with the district on April 10, 2017 if he had not found another position within the district. Plaintiff was, in fact, terminated on April 10, 2017. The letter stated 'MISD cannot afford your salary and not be in a permanent position.' The reason that Plaintiff was not in

a permanent position was that Gibson had removed Plaintiff from his permanent job for pretextual reasons and replaced him with younger white employees.

23.    Plaintiff's replacements are younger white males and females. Plaintiff believes that his job performance speaks for itself. Plaintiff had never been disciplined or written up for poor job performance in his 11 years with the district. Plaintiff had excellent job reviews prior to the hiring of Gibson.

24.    Plaintiff believes his termination was motivated by a discriminatory animus towards Plaintiff because of his race and age.

## CAUSES OF ACTION

### COUNT ONE - DISCRIMINATION
### AND RETALIATION UNDER TITLE VII

25.    The allegations contained in Paragraphs 1 through 24 inclusive are hereby incorporated by reference.

26.    Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant MISD. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.

27.    Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of his race (African-American) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

28.    Defendant MISD is an employer within the meaning of Title VII and the ADEA.

29.    Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation,

terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect status as an employee, because of such individual's race, color, religion, sex, or national origin."

30.    Defendant intentionally discriminated against Plaintiff because of his race (African-American) in violation of Title VII by terminating his employment.   Defendant retaliated against Plaintiff for making a discrimination complaint, participating in a discrimination investigation or otherwise opposing discrimination by the employer. Plaintiff made a discrimination complaint and opposed a discriminatory practice by Defendant, suffered adverse employment actions as a result in that Defendant terminated Plaintiff's employment, and there is a causal connection between the making of the discrimination complaint, the opposition to the discriminatory practice and the adverse employment actions. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

**COUNT TWO - DISCRIMINATION**
**UNDER 42 U.S.C. § 1981 AND 42 U.S.C. §1983**

31.    The allegations contained in Paragraphs 1 through 30 are hereby incorporated by reference.

32.    Additionally, Defendant MISD's termination of Plaintiff's employment, on the basis of his race (African-American), violated Plaintiff's rights secured to Plaintiff under 42 U.S.C. §1981 to be free of discrimination in the making and enforcement of contracts.

33.    MISD's discrimination against Plaintiff was committed with malice and reckless indifference to the rights of Plaintiff and other racial minorities to "have the same right   … To make and enforce contracts … as is enjoyed by other citizens" and to the intent of the statute to

protect victims from unequal treatment.

34.     Plaintiff brings this claim through 42 U.S.C. §1983.  42 U.S.C. §1983 imposes liability upon any person who deprives another of any rights, privileges, or immunities secured by the Constitution and laws while acting under the color of any statute, ordinance, regulation, custom or usage of any state.  Defendant MISD, while acting under the color of state law, deprived Plaintiff of a right secured by the Constitution or laws of the United States in violation of 42 U.S.C. §1983.  Specifically, Plaintiff was terminated because of his race.  As described herein, Defendant MISD's violation of Plaintiff's Constitutional rights was caused by Defendant MISD's customs, policies and practices.

35.     Defendant MISD maintains a custom, policy or practice of discriminating against African-Americans within the School District.   Upon information and belief, African-Americans have consistently been underrepresented in MISD.

36.     Defendant MISD's widespread discrimination against African-Americans represents a persistent, widespread practice of MISD officials or employees, which is so common and well settled as to constitute a custom that fairly represents the policy of MISD.

37.     Upon information and belief, the discriminatory policy and custom that affected Mr. King was instituted and carried out by the Superintendent for the District, Dr. Jerry Gibson who, upon information and belief, holds the exclusive policy-making authority for employment decisions related to MISD.  In the alternative, Mr. King pleads that the policy and custom was instituted and carried out by the board of trustees of Marshall Independent School District.

## COUNT THREE
## DISCRIMINATION AND RETALIATION UNDER THE
## AGE DISCRIMINATION IN EMPLOYMENT ACT

38.     The allegations contained in Paragraphs 1 through 37 are hereby incorporated by

reference.

39. Plaintiff is informed and believes and therefore alleges that Defendant replaced him in the position, which he formerly held with Defendant with a younger employee.

40. The termination of Plaintiff by Defendant was because of Plaintiff's age, which violates 29 U.S.C § 623(a)(1) and therefore entitles Plaintiff to relief under the provisions of 29 U.S.C. §626.

41. At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic age discrimination against Plaintiff by inter alia:

a. Failing to equalize conditions of employment for Plaintiff as contrasted with comparably trained and qualified younger employees; and,

b. Adopting unreasonable, unwarranted and arbitrary standards and conditions of employment and advancement designed to discriminate against Plaintiff in favor of younger employees.

38. The termination of Plaintiff's employment by Defendant constitutes a willful violation of 29 U.S.C. § 623 and as such entitles Plaintiff to recover liquidated damages.

42. <u>Retaliation</u>. In addition, Defendant has retaliated against Plaintiff for making discrimination complaints, for participating in a discrimination investigation or otherwise opposing age discrimination by the employer. See Section 4(d) of the ADEA, 29 U.S.C. § 623(d). Plaintiff's age discrimination complaints were a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment.

## DAMAGES

43. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract

or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

44.    Defendant has intentionally engaged in an unlawful employment practice by discriminating and retaliating against Plaintiff.   Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses. Because of Defendant's intentional discrimination against Plaintiff on the basis of his age, Plaintiff is entitled to liquidated damages.

## ATTORNEYS' FEES AND EXPERT FEES

45.    A prevailing party may recover reasonable attorneys' and experts' fees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1983, 42 U.S.C. §1981, and the Age Discrimination in Employment Act.   Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendant, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals.   Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

## JURY DEMAND

46.    Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.  The Court assume jurisdiction of this cause;

2.  The Court award Plaintiff damages as specified above;

3.  The Court award Plaintiff reinstatement or, in the alternative, front pay.

4.  The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5.  The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
1404 Rice Road, Suite 200
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF